[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE DATED JULY 14, 1992
On July 1, 1992 third party plaintiff Farruggio filed an amended three count third-party complaint in which it pleaded the same causes of action which had been stricken by this court on June 16, 1992. The allegations of the first count of the amended third-party complaint are identical to those contained in the original third-party complaint. To the allegations of the second and third counts of the original third-party CT Page 10342 complaint, Farruggio has added to both of these counts in its amended third-party complaint an allegation that:
 An independent relationship between Christine Hubbard and Farruggio's is present by virtue of Title 14 of the General Statutes. Christine Hubbard owed Farruggio's a special duty not to violate the requirements of Title 14. Christine Hubbard did violate the requirements of Title 14, as set forth in paragraph 5 of count one.
On July 14, 1992, the third-party defendant, Ellen Hubbard, filed a "Motion to Strike/Objection to Third-Party Plaintiff's Amended Complaint," accompanied by a memorandum of law, arguing that the entire complaint should be stricken because Farruggio still fails to allege an independent legal relationship.
As to the second and third counts, Farruggio asserts that it has amended its third-party complaint to specifically allege an independent legal relationship between the parties "created through Title 14 of the General Statutes of Connecticut."
Farruggio has not alleged any facts which, if proven, would show that an independent legal relationship existed between the parties other than the general duty of a motorist to use reasonable care and to refrain from violating the motor vehicle statutes. Farruggio's conclusory allegations that an independent legal relationship between it and the third-party defendant's decedent was "present by virtue of Title 14" and that the third-party defendant's decedent "owed Farruggio's a special duty not to violate the requirements of Title 14," are not facts which, if proven, would show the existence of any independent legal relationship giving rise to a special duty. Title 14 and the violation of any of the motor vehicles statutes of that chapter do not create any special duties or relationships between parties that are not also owed to the motoring public in general.
Motion to strike third-party complaint is granted.
Wagner, J. CT Page 10343